# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| NDOKEY ENOW, | * | |
| Plaintiff | * | |
| v. | * | Civil Action No. PWG-17-850 |
| TALMADGE REEVES, M.D., | * | |
| Defendant | * | |

## MEMORANDUM OPINION

Ndokey Enow's pro se Complaint alleges that Dr. Talmadge Reeves provided him inadequate medical care in violation of his rights under the Eighth Amendment.[1] ECF No. 1. Dr. Reeves previously filed a Motion to Dismiss or, in the Alternative, Motion for Summary Judgment (ECF No. 25), which I denied without prejudice to renewal.[2] ECF Nos. 38, 39. Dr. Reeves

---

[1] Enow is a frequent pro se litigant whose numerous vexatious and burdensome filings have earned him "three strikes" under 28 U.S.C. §1915(g). *See, e.g.*, *Enow v. Wolfe*, No. PWG-17-341 (summarizing prior filings and describing their burdensomeness). Undeterred, Enow continues to file civil lawsuits, such as that considered here, and only a small subset of the claims he has alleged have been found sufficient to proceed under the standard set forth under 28 U.S.C. §1915(g). *See Enow v. Baucom*, No. PWG-16-3553 (D. Md.) (dismissed for failure to address or satisfy "imminent danger" exception to § 1915(g)); *Enow v. Green*, No. PWG-16-3554 (D. Md.) (same); *Enow v. Green*, No. PWG-16-3917 (D. Md.) (same); *Enow v. Baucom*, No. PWG-16-4042 (D. Md.) (all but two claims dismissed without prejudice for failure to satisfy "imminent danger" exception); *Enow v. Wolfe*, No. PWG-17-341 (D. Md.) (claims satisfied "imminent danger" exception); *Enow v. Foxwell*, No. PWG-17-2312 (D. Md.) (three claims satisfied "imminent danger" exception). None of these cases has resulted in a decision in his favor. *See* attached chart. Enow's history of burdensome and abusive filings prompted this Court to impose limits on his filings in all his current and future civil, non-habeas cases. *Baucom,* PWG-16-4042 at ECF No. 38 (Order). Because of Enow's repeated lack of success in filing serial unmeritorious claims alleging "imminent danger," he is on notice that he may in the future be required to submit the required filing fee, notwithstanding his assertion of imminent danger, as the Court is not required to consider each filing in a vacuum, but may examine future filings in light of his unabated history of vexatious and unmeritorious claims.

[2] I incorporate by reference the legal standards, facts, and findings set forth in my earlier Memorandum Opinion issued on February 16, 2018 (ECF No. 38).

thereafter renewed his dispositive motion and filed the pending Supplemental Motion to Dismiss or, in the Alternative for Summary Judgment. ECF No. 41. Enow, a Maryland inmate in the custody of the Division of Correction, filed a verified Response in Opposition with a request for a settlement conference. ECF Nos. 48, 52. The matter is ripe for disposition, and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2018). For the reasons discussed below, Dr. Reeves' Supplemental Motion (ECF No. 41), will be treated as a Motion for Summary Judgment[3] and granted. Enow's claims are dismissed with prejudice.[4]

## PROCEDURAL BACKGROUND

Enow claims that on February 17, 2017, Dr. Reeves discontinued his medication for Zoloft, a psychotropic drug, without notice or due process, in violation of his rights under the Eighth Amendment. ECF No. 1 at 7, ¶ 8; ECF No. 48 ("Pl. Opp'n") at 2, ¶ 3. Enow denies that he was hoarding this medication. Pl. Opp'n at 3, ¶ 8.

The facts germane to this issue were summarized in my Memorandum Opinion dated February 16, 2018. ECF No. 38 at 20. On January 25, 2017, Dr. Reeves saw Enow for psychiatric treatment, at which time Dr. Reeves noted that Enow was being seen every 12 weeks to monitor the Zoloft he was prescribed for depression. *Id.* On February 13, 2017, Nurse Victoria Midgette reported that Enow was found hoarding 20 Zoloft pills. *Id.* The following day, Dr. Reeves discontinued the Zoloft prescription without seeing Enow due to concerns about hoarding. *Id.* On March 24 and 25, 2017, Enow submitted sick call slips stating that he was not receiving his anti-

---

[3] Because the parties rely on exhibits outside the pleadings and Enow has been provided an opportunity to present materials in reply, Dr. Reeves' supplemented dispositive motion will be treated as one for summary judgment. Fed. R. Civ. P. 12(d).

[4] Given summary judgment is granted in favor of Dr. Reeves, Enow's request for a settlement conference, ECF No. 52, is denied as moot.

depressant medicine and, in the March 24, 2017 sick call slip, he complained of suffering heart palpitations, chest pain, pain attacks, and other symptoms. *Id.*

On May 10, 2017, Dr. Reeves saw Enow for the "12 week" check-up, although more than 12 weeks had passed since the last visit on January 25, 2017. Enow told Dr. Reeves that he was "prescribed Zoloft 50 mg. and he was breaking it in two [be]cause it cause[s] his stomach to bubble." *Id.* In response to the concern expressed by Enow, Dr. Reeves prescribed Zoloft 25 mg. *Id.* Dr. Reeves continued to see Enow after the medication was discontinued in February 2017 and decided to reorder the medication at half strength at his next appointment because Enow had been on the medication for many years. Decl. of Dr. Reeves, ECF No. 25-3 ("Dr. Reeves Decl. I"), at ¶ 5. Dr. Reeves advised Enow that in the future he needed to refuse the medication instead of pretending to take it or to hoard it. *Id.* Dr. Reeves states that it is standard prison policy to discontinue medication if an inmate is hoarding it. *Id.* at ¶ 7.

Given these facts, I determined there remained a genuine dispute of material facts making summary judgment inappropriate. ECF No. 38 at 21. Specifically, at issue was (1) whether Enow was hoarding medication, and if he was not, whether Dr. Reeves was aware the report of hoarding was incorrect; (2) if Enow was hoarding his medication or Dr. Reeves was unaware the report was inaccurate, did the abrupt discontinuation of the medication without seeing the patient for more than twelve weeks, despite Enow's complaints about adverse effects from the discontinuance, violate acceptable medical standards; (3) whether the discontinuation of the medication caused the injuries alleged and, if so whether Dr. Reeves was aware or should have been aware of the possible adverse effects; and (4) whether Dr. Reeves knew or should have known about the sick call slips complaining of adverse effects. *Id.*

3

**DISCUSSION**

Legal Standard

In order to establish an Eighth Amendment claim, Enow must show that Dr. Reeves' actions amounted to deliberate indifference to a serious medical need. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). There is no underlying distinction between the right to medical care for physical ills and its psychological and psychiatric counterpart. *Bowring v. Godwin*, 551 F.2d 44, 47 (4th Cir. 1977); *see also DePaola v. Clarke*, 884 F.3d 481, 486 (4th Cir. 2018) ("Courts treat an inmate's mental health claims just as seriously as any physical health claims.").

Deliberate indifference to a serious medical need requires proof that, objectively, a prisoner was suffering from a serious medical need and that, subjectively, the prison staff were aware of the need for medical attention but failed to either provide it or ensure it was available. *See Farmer v. Brennan*, 511 U.S. 825, 834–37 (1994); *see also Heyer v. U.S. Bureau of Prisons*, 849 F.3d 202, 209–10 (4th Cir. 2017); *King v. Rubenstein*, 825 F.3d 206, 218 (4th Cir. 2016); *Iko v. Shreve*, 535 F.3d 225, 241 (4th Cir. 2008). Objectively, the medical condition at issue must be serious. *See Hudson v. McMillian*, 503 U.S. 1, 9 (1992) ("Because society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious.'"); *Jackson v. Lightsey*, 775 F.3d 170, 178 (4th Cir. 2014). The subjective component requires "subjective recklessness" in the face of the serious medical condition. *See Farmer*, 511 U.S. at 839 (1994); *see also Anderson v. Kingsley*, 877 F.3d 539, 544 (4th Cir. 2017).

"Deliberate indifference is a very high standard—a showing of mere negligence will not meet it. . . . [T]he Constitution is designed to deal with deprivations of rights, not errors in judgment, even though such errors may have unfortunate consequences." *Grayson v. Peed*, 195 F.3d 692, 695–96 (4th Cir. 1999). "[A]ny negligence or malpractice on the part of . . . doctors in

missing [a] diagnosis does not, by itself, support an inference of deliberate indifference." *Johnson v. Quinones*, 145 F.3d 164, 166 (4th Cir. 1998). Further, "[a] prisoner's disagreement with medical providers about the proper course of treatment does not establish an Eighth Amendment violation absent exceptional circumstances." *Lopez v. Green*, No. PJM-09-1942, 2012 WL 1999868, at *2–3 (D.Md. June 4, 2012) (citing *Wright v. Collins*, 766 F.2d 841, 849 (4th Cir. 1985)).

Dr. Reeves' Supplemental Response

Dr. Reeves states that on February 13, 2017, a psychiatric nurse informed him that Enow was found hoarding his medications.[5] Declaration of Dr. Reeves, ECF No. 41-1 ("Dr. Reeves Decl. II") at 1 ¶ 4. The nurse documented that she had discussed with Enow stopping his medication due to hoarding and "Enow was aware of same." *Id.* Dr. Reeves explains psychiatric nurses are trained to provide mental health treatment and he relies on them as an "extra set of eyes and ears" to provide information including misuse of psychotropic medication. *Id.* at 1–2 ¶¶ 4, 5. Dr. Reeves states that had Enow disputed hoarding his medication, the psychiatric nurse would be expected to so indicate in her email and she did not. Dr. Reeves indicates Enow later admitted to him that he was hoarding medication. *Id.* at 1–2 ¶4. Dr. Reeves maintains that it was reasonable for him to rely on the nurse's report about the hoarding. Dr. Reeves did not need to see Enow in person to confirm the information. *Id*. at 3 ¶ 8. Enow denies hoarding medication, stating that he "never accepted [sic] to Dr. Reeves [that] he hoarded 20 Zoloft. Pl. Opp'n at 3, 8.

Dr. Reeves provides several reasons why he did not need to see Enow in person before discontinuing the Zoloft. First, Enow's condition did not warrant an appointment. Enow did not

---

[5] Enow asserts that on February 14, 2017, psychiatric nurse Cheryl V. Tyler, R.N., "made false allegations" that he was "locked up in punitive segregation due to hoarding psychotropic medication without any proof." Pl. Opp'n at 2 ¶ 4; *see also* ECF No. 17-8 at 11–12 (Enow medical record indicating that he was in segregation due to hoarding psychiatric medication).

suffer a major mental illness; rather, he was diagnosed with an adjustment disorder with elements of depression. Dr. Reeves Decl. II at 2 ¶ 6.[6] Also, Enow was taking "an extremely low level homeopathic dose of Zoloft which could be discontinued abruptly." *Id.* Dr. Reeves maintains Enow did not need to be weaned off so low a dose, making an appointment unnecessary. *Id.*

Second, Dr. Reeves saw Enow on January 25, 2017, twenty days before the medication was discontinued, and Enow was doing well. Enow had not complained about any change in his mental health between the visit on January 25, 2017 and February 14, 2017, when the Zoloft was discontinued. *Id.* ¶ 7. Dr. Reeves maintains Enow was stable from a mental health perspective at the time he discontinued the Zoloft so that an appointment to assess Enow's mental health status at the time was unnecessary. *Id.* ¶ 6. Dr. Reeves thought it reasonable to see Enow every three to four months for follow-up. Therefore the next appointment after the Zoloft was stopped occurred on May 10, 2017, "3 ½ months after Enow's last scheduled appointment." *Id.* ¶ 10.

Lastly, Dr. Reeves typically sees patients at Eastern Correctional Institution for scheduled appointments because he treats many inmates and would have "difficulty providing effective, timely treatment" to each patient if he were "required to schedule an appointment with an inmate when medication was being discontinued – particularly in situations such as here where the inmate was taking a very low level dose of medication." *Id.* at 3 ¶ 9.

Dr. Reeves states that Enow should have informed him that he was taking only half his medication. Then Dr. Reeves could have reduced the prescribed dosage to avoid a situation where the inmate is distributing or selling the excess or stockpiling it to overdose. *Id.* at 3–4 ¶ 12.

Dr. Reeves was "never made aware of Mr. Enow's sick call request" prior to this lawsuit. *Id.* at 4 ¶ 13. Sick call slips are sent to the medical department which is responsible for sending

---

[6] Enow states that he suffers from recurring and major depression disorder. Pl. Opp'n at 3 ¶ 8.

6

sick call slips pertaining to mental health and psychiatric issues to the psychology department. Enow's sick call slips were never sent to the psychology department. *Id.* Dr. Reeves does not supervise the medical department. *Id.*

In his Opposition, Enow asserts without explanation that there are genuine issues of material fact in dispute precluding summary judgment. Pl. Opp'n at 5. Enow notes there has been no discovery, although he does not specify the documents he seeks or how they would assist him in responding to Dr. Reeves' Motion. *Id.* Enow later observes the email from the psychiatric nurse is not in the record, Pl. Opp'n at 8, but fails to state how obtaining this document is necessary to oppose summary judgment.[7] Enow calls into question Local Rule 104.4. (D. Md. 2018) and Fed. R. Civ. P. 26(a)(1)(B)(iv), which provide that discovery shall not commence until a scheduling order is entered and that pro se actions filed by prisoners are exempt from initial discovery disclosures. "[T]o justify a denial of summary judgment on the grounds that additional discovery is necessary, the facts identified in a Rule 56 affidavit must be 'essential to [the] opposition.'" *Scott v. Nuvell Fin. Servs., LLC*, 789 F. Supp. 2d 637, 641 (D. Md. 2011) (alteration in original) (citation omitted), *rev'd on other grounds sub nom. Gardner v. Ally Fin. Inc.*, 514 F. App'x 378 (4th Cir. 2013).[8] A non-moving party's Rule 56(d) request for additional discovery is properly denied "where the additional evidence sought for discovery would not have by itself created a genuine issue of material fact sufficient to defeat summary judgment." *Strag v. Bd. of Trs., Craven Cmty. Coll.*, 55 F.3d 943, 954 (4th Cir. 1995); *see Amirmokri v. Abraham*, 437 F.

---

[7] The record includes Nurse Victoria Midgette's medical note dated February 13, 2017, which states that Enow was found with 20 pills of Zoloft. ECF No. 25-2 at 52.
[8] Enow has not submitted a Rule 56(d) affidavit, but references discovery in his opposition submitted in the form of an affidavit. *See* Pl. Opp'n at 5.

Supp. 2d 414, 420 (D. Md. 2006), *aff'd*, 266 F. App'x. 274 (4th Cir.), *cert. denied*, 555 U.S. 885 (2008). Here, Enow has failed to show there is additional information essential to his opposition.

Enow also asserts that Dr. Reeves acted "contrary to a physician's instruction" when he intentionally interfered with his prescribed treatment. Pl. Opp'n at 6. The gravamen of Enow's Complaint is that Dr. Reeves' abrupt discontinuation of his Zoloft amounted to deliberate indifference to his serious medical need. Enow, however, does not refute that Dr. Reeves stopped the Zoloft after considering information from a reliable medical source, Enow's stable mental health condition, whether there was a need for a medication taper, and the risks posed by hoarding medication. Under these circumstances, Dr. Reeves' decision to stop the Zoloft was not reckless. Dr. Reeves was not aware of and did not ignore a "substantial risk of harm" to Enow by stopping the Zoloft without first meeting with him. The mere fact that Dr. Reeves intentionally changed an existing medical order does not amount to Eighth Amendment deliberate indifference.

Importantly, Enow does not dispute that Dr. Reeves was unaware of the adverse side effects he purportedly suffered or of the sick call slips. Dr. Reeves was unaware of a need for earlier follow-up with Enow. Thus, even when the facts are viewed in the light most favorable to Enow, there are no genuine issues of material fact in dispute to suggest that Dr. Reeves acted with requisite deliberate indifference to support the claimed constitutional violation. Accordingly, Dr. Reeves is entitled to summary judgment as a matter of law.

## CONCLUSION

For these reasons, I will grant Dr. Reeves' Motion for Summary Judgment (ECF No. 41) and close this case. A separate Order follows.

<table>
<tr><td>November 12, 2010<br>Date</td><td>_____/S/_____<br>Paul W. Grimm<br>United States District Judge</td></tr>
</table>